NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-589

COMMONWEALTH

vs.

SCOTT FONTAINE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Scott Fontaine, proceeded to a jury trial in the Superior Court on charges of lasciviously posing or exhibiting a child in the nude, in violation of G. L. c. 272, § 29A (a); possession of child sexual exploitation material, in violation of G. L. c. 272, § 29C; and indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B.  After the close of the Commonwealth's case, the defendant moved for required findings of not guilty on all of the charges.  The judge allowed the defendant's motion on the lascivious posing of a child charge and denied the motions on the other two charges.  The jury found the defendant guilty of possession of child sexual exploitation material and indecent

assault and battery on a child.  The judge subsequently reconsidered and allowed the defendant's motion for required findings of not guilty on those two counts, pursuant to Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995). The judge also allowed the defendant's motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), pending the Commonwealth's appeal.  The Commonwealth appeals from the order conditionally allowing the motion for a new trial and the findings of not guilty as to the indictments charging possession of child sexual exploitation material and indecent assault and battery on a child.  We affirm.

Background.  In October 2019, the defendant began email correspondence with Rhode Island State police Sergeant Luke Schatz, who, as part of his work "investigating internet crimes against children," posted an advertisement seeking "an adult who was likeminded, into fetishes, not accepted by society."  The defendant responded to the advertisement, and he and Schatz began sending messages to each other.[1]  The defendant sent messages to Schatz expressing his sexual interests, including the defendant's sexual attraction to young girls and his interest in young girls' panties.

---

[1] The communications were through email messages and a text message application called "Kik."

2

The police executed a search warrant on the defendant's cell phone and recovered fifteen photographs of a young child. The defendant's wife identified one of the photographs (photograph) as depicting their daughter with the defendant's finger pulling the daughter's underwear away from her body and exposing part of her buttocks.

Following the close of evidence at trial, the defendant moved for a required finding of not guilty on all three charges. Finding that the photograph did not meet the definition of "nudity" under G. L. c. 272, §§ 29A, 31, the judge allowed the motion for a required finding of not guilty on the charge of posing a child in the nude with lascivious intent. Because the charge of posing a child in the nude was the only charge that required proof that the defendant acted with lascivious intent, the judge also struck the messages between the defendant and Schatz and instructed the jury not to consider them.

The defense did not present any evidence at trial. After the jury found the defendant guilty on the charges of possession of child sexual exploitation material and indecent assault and battery, the judge expressed concern that the defendant's messages, although stricken, may have unfairly prejudiced the defendant on the remaining charges and invited the defendant to file a motion for a new trial. The defendant did so. The judge reconsidered and allowed the defendant's motion for a required

3

finding of not guilty on the charges of possession of child sexual exploitation material and indecent assault and battery on a child under fourteen.  The judge also allowed the defendant's motion for a new trial.

Discussion.  1.  Stricken evidence.  The Commonwealth contends the judge erred in failing to consider evidence of the defendant's messages with Schatz when evaluating whether the evidence was sufficient to support the convictions.  We disagree.

We review a judge's evidentiary rulings for an abuse of discretion.  See Commonwealth v. Andre, 484 Mass. 403, 414 (2020).  The judge noted that the defendant's messages fell into four categories:  (1) statements that the defendant played with young girls' panties:  "have snooped and sniffed [my] niece[']s panties" and "My girl is gonna be a knock out for sure[.] [N]ever played with her besides panties"; (2) statements that the defendant previously engaged and desired to engage in the future in homosexual acts involving a young girl's panties: "also had a guy that liked to suck me feed me his daughter[']s panties as he blew me"; (3) statements that the defendant was sexually attracted to young girls:  "something about the taste of young panties excites . . . honestly would love to taste the sources also"; and (4) the defendant's statements that he

4

engaged in homosexual acts without any mention of children: "been suckered a couple times but never with facial hair."

The Commonwealth may introduce evidence of a person's character and prior bad acts for the purposes of showing "a common scheme, pattern of operation, absence of accident or mistake, identity, intent, or motive." Commonwealth v. Helfant, 398 Mass. 214, 224 (1986). Such evidence, however, cannot be admitted to prove that the person has a propensity to commit the crime charged. See Commonwealth v. Veiovis, 477 Mass. 472, 481-482 (2017). Evidence of prior bad acts is inadmissible if its probative value is outweighed, "even if not substantially outweighed," by the risk of unfair prejudice to the defendant. Commonwealth v. Crayton, 470 Mass. 228, 249 n.27 (2014). Evidence is unfairly prejudicial if it "appeals to the jury's sympathies, arouses [their] sense of horror, provokes [their] instinct to punish," or causes a jury to render their decision "on something other than the established propositions in the case" (citation omitted). Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 188 (2013).

Here, the judge properly found that the last category of the defendant's statements, that he "engaged in homosexual acts" not involving children or panties, "[was] not relevant to any of the charges alleging sexual crimes against children." See Commonwealth v. Christie, 89 Mass. App. Ct. 665, 667 (2016)

5

("evidence of a man's homosexuality is irrelevant to whether he has a sexual interest in children").

We agree with the judge that the defendant's other messages were relevant because his interest in young girls and their panties explained why he would possess the photograph and touch his daughter's underwear. See Commonwealth v. Bradshaw, 86 Mass. App. Ct. 74, 78 (2014) (defendant's statement that he was attracted to young boys relevant to his state of mind and to explain why he would touch boy sexually). However, the content of the messages was highly prejudicial. The messages detailed the defendant's interest in young girls' panties, including his niece's; his "homosexual" acts involving panties; and his finding "the taste of young panties" exciting. The inflammatory nature of the messages was highly prejudicial to the defendant such that it could have led the jury to convict the defendant not for the charged offenses, but for being "a lewd man . . . [who the jury would believe] would be likely to commit the crimes charged" because of his character (citation omitted). Commonwealth v. LaSota, 29 Mass. App. Ct. 15, 27 (1990).

Moreover, we agree with the judge's conclusion that the probative value of the evidence was minimal where the evidence that the defendant possessed the image and touched his

6

daughter's underwear was "overwhelming"[2] and where the defendant did not dispute the touching, such that the messages were not admissible to refute a defense that the touching was accidental.

Accordingly, we conclude that the judge did not err in finding that the messages "depict[ed] more offensive conduct than the direct evidence of the offenses" and concluding that the probative value of the defendant's messages to Schatz was outweighed by the prejudice to the defendant.  Contrast Commonwealth v. Vera, 88 Mass. App. Ct. 313, 320, 322 (2015) (defendant's internet searches for pornography depicting young girls admissible to show intent where jury heard significantly more inflammatory and graphic testimony).

2.  Sufficiency of evidence.  The Commonwealth also contends that the evidence was sufficient to support guilty findings on the indecent assault and battery and possession of child sexual exploitation material charges even without considering the stricken evidence.  We find the arguments unavailing.

When deciding whether to allow a motion for a required finding of not guilty, a judge must assess whether "the evidence is insufficient as a matter of law to sustain a conviction on

_____

[2] The photograph was found on the defendant's cell phone, no other adult men lived in the home, and the defendant's wife identified the defendant's finger touching their daughter's underwear in the photograph.

7

the charge."  Mass. R. Crim. P. 25 (a).  We review the judge's decision by evaluating the evidence in the light most favorable to the Commonwealth to determine whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt.  Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 185 (1991), citing Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

a.  Indecent assault and battery.  To prove an indecent assault and battery on a child, "the Commonwealth must establish, beyond a reasonable doubt that (1) the alleged victim was not yet fourteen years of age at the time of the offense; (2) the defendant intentionally touched the alleged victim without legal justification or excuse; and (3) the touching was indecent."  Commonwealth v. Gomes, 483 Mass. 123, 126 (2019).

Here, the question is whether the touching depicted in the photograph was "indecent" under G. L. c. 265, § 13B.  We have previously held that an indecent touching is one that is "fundamentally offensive to contemporary moral values" and that "society would regard as immodest and improper because of its sexual overtones" (citations omitted).  Commonwealth v. Cruz, 93 Mass. App. Ct. 136, 139 (2018).  "The test for indecency is objective, turning on the nature of the conduct rather than the defendant's intent."  Id.  The photograph depicted the defendant's finger touching his daughter's underwear.  The image

8

did not depict the touching of any other parts of her body, and the photograph lacked any evidence of "sexual overtones" and was not "offensive to contemporary moral values."  See id. at 140 (defendant grabbing victim's shirt at hip and lifting it insufficient to establish indecency).  Contrast Mosby, 30 Mass. App. Ct. at 183, 185 (defendant's touching complainant's buttocks without her consent immediately after proposing that she "go to bed with [him]" had "distinctly sexual overtones").  Accordingly, no rational juror could have concluded that the touching depicted in the photograph was "indecent" under G. L. c. 265, § 13B.

b.  Possession of child sexual exploitation material.  To prove possession of child sexual exploitation material, the Commonwealth must prove beyond a reasonable doubt that the defendant:  (1) "knowingly purchase[d] or possess[ed] a . . . photograph or other similar visual reproduction, or depiction by computer"; (2) of a "child whom the person knows or reasonably should know" is under the age of eighteen; (3) who is "depicted or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed genitals, pubic area, buttocks or, if such person is female, a fully or partially developed breast of the child"; (4) "with knowledge of the nature or content" of the image.  G. L. c. 272, § 29C.

9

Here, the only disputed element is whether the image in the photograph amounted to "a lewd exhibition of the unclothed . . . buttocks" of the child.  In reviewing whether the photograph is lewd in nature, we conduct a de novo review.  See Commonwealth v. Bean, 435 Mass. 708, 714 (2002).  See also Commonwealth v. Sullivan, 82 Mass. App. Ct. 293, 303-304 (2012) ("we are required to undertake an independent review of the photographic evidence to ensure that the jury have not encroached on expression protected by the First Amendment").

To assess whether the photograph constitutes a "lewd exhibition," we consider the following factors:

> "1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> "2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> "3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> "4) whether the child is fully or partially clothed, or nude;
>
> "5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]
>
> "6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer."

Commonwealth v. Rex, 469 Mass. 36, 44-45 (2014), quoting United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd

10

sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir.),

cert. denied, 484 U.S. 856 (1987).

Although these factors, commonly known as the Dost factors,

"are neither comprehensive nor dispositive," they provide

guidance for analyzing whether a visual depiction constitutes a

"lewd exhibition." Rex, 469 Mass. at 45. Whether an image

depicts a "lewd exhibition," as defined under G. L. c. 272,

§29C (vii), is once again an objective assessment. It "depends

on what is visually portrayed in the [picture itself], not on

other ancillary evidence that may be suggestive of the

defendant's state of mind. The context for the defendant's

possession of the [image] is irrelevant to the objective

assessment of [its] lewdness." Rex, supra at 43 n.13.

The Commonwealth argues that there is sufficient evidence

that the photograph is a "lewd exhibition" as defined under

G. L. c. 272, §29C (vii). We disagree. Based on our de novo

application of the Dost factors, we conclude there is nothing

sexual, either explicitly or implicitly, about the image. See

Rex, 469 Mass. at 47. The photograph depicts the child's

buttocks, not her "genitalia or pubic area"[3]; nothing about the

---

[3] The Commonwealth argues that the first Dost factor applies because the Massachusetts child pornography statute, unlike the federal statute, includes the display of a child's breast and buttocks as potentially pornographic. See Sullivan, 82 Mass. App. Ct. at 302 n.6, citing Dost, 636 F. Supp. at 830. Even assuming this factor is properly applicable, our conclusion

11

photo's setting or pose is "associated with sexual activity;"
the child's pose is not unnatural; her attire -- clothed in
underwear -- is appropriate for her young age; and the photo
does not "suggest[] sexual coyness or a willingness to engage in
sexual activity" nor does it appear "intended or designed to
elicit a sexual response in the viewer."  See Dost, 636 F. Supp.
at 832.  Nudity, without more, is insufficient to render a
photograph lewd.  See Sullivan, 82 Mass. App. Ct. at 302.  We
conclude that the judge did not err in allowing the motion for
required findings of not guilty because no rational juror could
have concluded that the photograph is a "lewd exhibition."

Accordingly, we affirm the judge's order allowing the
defendant's motion for required findings of not guilty on the

---

would not change considering the inapplicability of the other
five factors, discussed infra.

charges of possession of child sexual exploitation material and indecent assault and battery on a child under age fourteen.[4]

> Order allowing motion for required findings of not guilty as to the indictments charging violations of G. L. c. 272, § 29C, and G. L. c. 265, § 13B, and ordering entry of findings of not guilty on these charges, affirmed.
>
> Indictments dismissed.
>
> By the Court (Desmond, Tan & Wood, JJ.[5]),

*Paul Little*

Clerk

Entered:  July 13, 2026.

---

[4] In light of our holding, we do not reach the Commonwealth's argument that the judge erred in conditionally allowing the motion for a new trial.

[5] The panelists are listed in order of seniority.

13